# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Walter Thomas,

    Plaintiff,

v.

Portage Police Department, Brian Graves, and Eric Goetz,

    Defendants.

Case No. 2:16-CV-486 JVB

## OPINION AND ORDER

Walter Thomas, a pro se prisoner, alleges that two police officers used excessive force when they rammed his car during a car chase in violation of the Fourth Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Thomas states that during a traffic stop on September 17, 2016, he "fled at a high rate of speed . . . for about 5 miles." ECF 1 at 2. He acknowledges that he "drove at speeds over 80 miles per hour in areas where there was substantial vehicle and foot traffic . . .." *Id*. Thomas is suing

because he was injured when the officers rammed his car numerous times in order "to stop the vehicle [he] was driving. *Id*. at 2.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396.

The relevant facts in this case are indistinguishable from *Scott v. Harris*, 550 U.S. 372 (2007). In *Scott*, the court recognized that the chase itself posed a threat to public safety. It recognized that the police have a legitimate interest in stopping the danger caused by the reckless, high speed driver. It recognized that ramming a car during a high speed chase posed a high likelihood of serious injury or death to that driver. It held that "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." *Id*. at 386.

In *Scott v. Harris*, there was a video which showed the dangerous high-speed car chase. Here, the allegations in the complaint paint the picture of a dangerous high-speed car chase. Thus, Thomas has pled "himself out of court [because] it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

2

Thomas asserts that the officers here were malicious and wanted to kill him. However, the subjective intent of the officers is not relevant in determining whether they violated the Fourth Amendment. The test is one of objective reasonableness. *Graham*. The decision in *Scott v. Harris* is dispositive, and this complaint does not state a claim.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on June 14, 2017.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE